# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **PATTY LONSBURY** <br> 35 Morningside Dr <br> Tiffin, Ohio 44883 <br><br> Plaintiff, <br><br> v. <br><br> **THE SALVATION ARMY** <br> c/oCorporation Service Company <br> 50 West Broad St <br> Suite 1330 <br> Columbus, Ohio 43215 <br><br> Defendant. | Case No. <br><br> Judge <br><br> **COMPLAINT; JURY DEMAND** <br> **ENDORSED HEREON** <br><br> Francis J. Landry (0006072) <br> Katherine A. Pawlak (0086885) <br> **WASSERMAN, BRYAN, LANDRY &** <br> **HONOLD, LLP** <br> 1090 West South Boundary, Suite 500 <br> Perrysburg, Ohio 43551 <br> Telephone: (419) 243-1239 <br> Facsimile: (419) 243-2719 <br> Email: FLandry308@aol.com <br> kpawlak@wblhlaw.com <br> Attorney for Plaintiff, <br> Patty Lonsbury |

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of 29 USC Sections 2601 et seq., known as the Family and Medical Leave Act. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment. This Court's supplemental jurisdiction is also invoked over state law claims of disability discrimination.

## PARTIES

2. Plaintiff, Patty Lonsbury ("Plaintiff"), is a resident of the City of Tiffin, County of Seneca, State of Ohio, who was employed by The Salvation Army., as a Volunteer Coordinator. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the FMLA in that the Plaintiff was employed for more than twelve months and worked more than 1,250 hours during the 12 months preceding her termination.

3. Defendant, The Salvation Army, is a New York corporation with a location in Tiffin, State of Ohio, and at all times material hereto, has employed more than fifty (50) employees.

## FACTS

4. Plaintiff was employed by Defendant from May 15, 2017 until her termination on May 14, 2020.

5. Throughout her employment, Plaintiff performed her job well, receiving good evaluations until she necessitated time off work due to her illnesses.

6. Plaintiff suffers from numerous serious medical conditions, including gastroparesis/hiatal hernia, irritable bowel syndrome, hepatitis A, Epstein Barr Syndrome, Fibromyalgia, Dysthymia, Diverticulosis, Kartagener Syndrome, POTS and Bronchiectsasis.

7. As a result of her medical conditions, Plaintiff filled out FMLA paperwork, in which her treating physician explained that she would need time off work for doctor visits, medication therapy, rest, and possible testing.

8. When Plaintiff's supervisor learned she was intending to file for FMLA protection, he issued a poor evaluation, in which he complained about her time off work.

9. In April of 2020, Plaintiff inquired about her FMLA and Short Term Disability time, as her doctor placed her off work until May 1st.

10. Plaintiff was assured by Kendra Fithen, Benefits Coordinator "I can say that it is not our practice to terminate someone that is on short term disability just because they no longer have FMLA time."

11. Despite her assurances, that was exactly what occurred to Plaintiff. On June 23, 2020 Plaintiff was terminated allegedly due exhaustion of her FMLA leave time, even though her Short Term Disability leave was not set to end until September 14, 2020.

12. Plaintiff was informed that her FMLA expired on May 14, 2020. However, She still had FMLA time left.

## FIRST CLAIM FOR RELIEF
### Family Medical Leave Act – 29 U.S.C. §§ 2601 et seq.

13. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twelve (12) of this Complaint, supra, by reference in its entirety as if fully restated herein.

14. Plaintiff states at all times material hereto she was meeting or exceeding Defendant's reasonable expectations.

15. Plaintiff states that at all times material hereto Defendant employed more than fifty (50) employees and is a covered employer under the Family and Medical Leave Act.

16. Plaintiff states that she suffers from several serious health conditions, as detailed previously.

17. Throughout her employment Plaintiff has utilized FMLA leave.

18. Plaintiff performed her job well, although she was disciplined for time off work, which should have been covered under the FMLA.

19. Plaintiff was terminated allegedly due to exhaustion of her FMLA leave time. Said reason is false and pretextual, as Plaintiff still had FMLA leave time left. Furthermore, Defendant assured Plaintiff that she would remain employed until the end of her Short Term Disability leave

20. Plaintiff contends that Defendant's action in terminating Plaintiff constituted interference, discrimination and retaliation against Plaintiff because of her having an FMLA qualifying condition.

21. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered the loss of past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation, and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
### Disability Discrimination, Ohio Revised Code Section 4112.02

22. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-one (21) of this Complaint, supra, by reference in its entirety as if fully restated herein.

23. Plaintiff states that she is a disabled individual within the meaning of Ohio Revised Code Section 4112.02(a)(13).  Alternatively, Plaintiff was disabled on the basis of her record of medical impairments and because she was perceived by defendant as being disabled.  Although disabled, Plaintiff is able to safely and substantially perform the essential functions of her job with or without an accommodation.

24. Plaintiff states that she suffers from several serious medical conditions, as detailed previously. These disabling conditions severely impacted her daily life functions including but not limited to digestion, concentration, and sleeping.

25. Throughout her employment Plaintiff has utilized FMLA leave several times.

26. Plaintiff performed her job well, although she was disciplined for time off work, which should have been covered under the FMLA.

27. Plaintiff was terminated allegedly due to exhaustion of her FMLA leave time. Said reason is false and pretextual, as Plaintiff still had FMLA leave time left. Furthermore, Defendant assured Plaintiff that she would remain employed until the end of her Short Term Disability leave

28. Employees who were not disabled retained their positions.

29. Defendant failed to provide Plaintiff with additional time off work as a reasonable accommodation, even after informing Plaintiff that she would not be terminated due to her need for time off for her disability.

30. Plaintiff states Defendant's actions violated Plaintiff's rights under Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended on the basis of disability.

31. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**THIRD CLAIM FOR RELIEF**
**Ohio Revised Code Sections 4112.02(A) and 4112.99 as amended, Sex Discrimination and Harassment**

32. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty (30) of this Complaint, supra, by reference in its entirety as if fully restated herein.

33. Plaintiff is a female individual.

34. Plaintiff performed her job well, although she was disciplined for time off work, which should have been covered under the FMLA.

35. Plaintiff was terminated allegedly due to exhaustion of her FMLA leave time. Said reason is false and pretextual, as Plaintiff still had FMLA leave time left. Furthermore, Defendant assured Plaintiff that she would remain employed until the end of her Short Term Disability leave.

36. Plaintiff states that her supervisor talked down to her, yelled at her in front of other employees, and piled work on her, in addition to being disrespectful. Her supervisor called her a liar, and falsely wrote her up for insubordination. Furthermore, he would leer at her chest at times. Plaintiff states that these actions were taken due to her sex.

37. Similarly situated male employees were not treated in the same manner and were treated more favorably.

38. Plaintiff states that the Defendant has intentionally harassed and discriminated against Plaintiff on the basis of her sex in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

39. As a proximate result of the acts of the Defendants complained of herein, Plaintiff has suffered the loss of past and future wages. Plaintiff has also suffered, as a proximate result of the acts of Defendant complained of herein, pain and suffering, humiliation and embarrassment.

**FOURTH CLAIM FOR RELIEF**
**Ohio Revised Code 4112.14 (B), Age Discrimination**

21. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty (20) of this Complaint, supra, by reference in its entirety as if fully restated herein.

22. Plaintiff was fifty-nine (59) years of age at the time of her termination.

23. Plaintiff was well qualified for her position and performed her job well, having received merit raises in the past.

40. Plaintiff was terminated allegedly due to exhaustion of her FMLA leave time. Said reason is false and pretextual, as Plaintiff still had FMLA leave time left. Furthermore, Defendant assured Plaintiff that she would remain employed until the end of her Short Term Disability leave

41. Plaintiff states that her supervisor talked down to her, yelled at her in front of other employees, and piled work on her, in addition to being disrespectful. Her supervisor called her a liar, and

falsely wrote her up for insubordination. Plaintiff states that these actions were taken due to her age.

25. Plaintiff states that younger employees were treated more favorably in that they were retained in their positions for the same alleged policy violations. Furthermore, upon information and belief, Plaintiff was replaced by a person who is substantially younger than Plaintiff.

26. In terminating Plaintiff, Defendant has intentionally discriminated against her on the basis of her age in violation of Ohio Revised Code Section 4112.14 (B).

27. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff seeks an amount of liquidated damages equal to her damages and costs and attorneys fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

**s/Francis J. Landry**
Francis J. Landry
Attorney for Plaintiff, Patty Lonsbury

**JURY DEMAND**

7

Plaintiff demands a jury trial as to all issues to triable in the within cause.

                                                s/Francis J. Landry
                                                Francis J. Landry